*W. Henderson, T. A. Hendricks* and *O. B. Hord*, for appellants.

---

## CARLEY *v.* LEWIS and Another.

COVENANT FOR RENT.—A covenant for the payment of rent, whether it be made by the grantee of lands in fee, reserving rent to the grantor, or by a lessee for a term, belongs to that class of covenants which are annexed to, and run with, the land. Page 25.

SAME.—The land itself is the principal debtor, and the covenant to pay rent is the incident. It follows the land upon which it is chargeable into the hands of the assignee, and the lessor has his election either to sue the lessee on his covenant, or to follow the land in the hands of his assignee. This rule is not changed by the statute of this state regulating the relation of landlords and tenants, (2 G. & H., sec. 17, p. 360.) Page 25.

SAME.—The administrator of a deceased tenant cannot, by selling and assigning the lease, relieve himself from the obligation to pay rent accruing subsequent to the death of his intestate.

MISTAKE OF LAW.—A mistake, purely of law, is no ground of relief in equity, but it may be accompanied by such circumstances as will entitle the party to relief. Page 28.

APPEAL from the *Rush* Common Pleas.

GREGORY, J.—*Carley* sued *Lewis* and *Reeve* on the following promissory note:

"Twelve months after date, for value received, we, or either of us, promise to pay to the order of *Alvin Carley*,

administrator of the estate of *Samuel Morgan*, deceased, the sum of seventeen hundred and seventy-two dollars and twenty-five cents, without any relief from valuation or appraisement laws whatever.

"(Signed,)      A. LEWIS,

                   G. W. REEVE.

"*November* 20, 1857."

The defendants answered in four paragraphs. Demurrer to each paragraph. The demurrer was sustained to the 2d paragraph, and overruled to the 1st, 3d and 4th. Reply, general denial. Trial by the court, finding for the plaintiff 552 dollars and 66 cents. Motion by the plaintiff for a new trial overruled, and exception taken.

The evidence is in the record.

*Lewis* owned lands in *Rush* county. On the 14th day of *May*, 1857, by written instrument, he rented these lands to *Samuel Morgan* for three years, beginning on the 1st of March, 1857, in which instrument was the following reservation of rent: "For which the said *Morgan* agrees to pay unto the said *Lewis* the sum of twenty-one hundred dollars, as follows, to-wit: seven hundred dollars on the 25th day of *December* of each of the said three years, for which amounts the said *Morgan* has executed his notes unto the said *Lewis*."

In the fall of 1857 *Morgan* died, leaving two years of the lease unexpired. *Carley* administered on his estate; had the unexpired term appraised, without taking into consideration the rents reserved—supposing, at the time, that *Morgan's* estate was solvent and liable for the two outstanding notes to *Lewis* for the last two years' rent. The unexpired term was appraised, in this view of the case, at thirteen hundred dollars, and sold at public auction, when *Morgan's* personalty was sold, and was bid in by *Lewis* at fourteen hundred and sixty-seven dollars and fifty cents; and for that sum, together with other personal property bid in at the sale, *Lewis* gave the note in suit, with *Reeve* as

his surety. *Carley*, as administrator of *Morgan*, took possession of the leasehold premises in the fall, and sold the growing crop thereon, for the year 1857. The family of the decedent remained on the premises until *March* following. *Lewis* took possession *March* 1, 1858, under his purchase at the administrator's sale, and held during the residue of the term. At the time of the sale, as well as at the time of the appraisement, it was supposed that *Morgan's* estate was solvent, and it had been so advertised by *Carley*, the administrator. The estate turned out to be insolvent, owing to the fact that there were some claims due from the decedent to creditors residing in Kentucky, of which the administrator had no knowledge. There was a note for sixty-two dollars and sixty-three cents, not in dispute, included in the judgment. At the trial, *Lewis* brought into court the two notes for seven hundred dollars each, given for the two unexpired years of the term, and offered to have the same cancelled, which was done, and the finding of the court was for the balance, after deducting these notes. This defense was presented in several forms in the answer, and was properly pleaded, provided the court, under the law, could give to the defendants the relief sought.

A covenant for the payment of rent, whether it be made by the grantee of lands in fee, reserving rent to the grantor, or by a lessee for a term, belongs to that class of covenants which are annexed to, and run with, the land. The land itself is the principal debtor, and the covenant to pay rent is the incident. It follows the land upon which it is chargeable into the hands of the assignee. *Van Rensselaer* v. *Bonesteel*, 24 Barbour's S. C. R., 365; *Vyvyan* v. *Arthur*, 1 Barn. & Cres., 410, (8 En. Com. Law.)

But the appellant contends that these rules have been changed by the statute, and cites the following provision in support of his proposition: "Rents from lands are collected as other debts." (2 G. & H., § 17, p. 360.) This position cannot be sustained. Section 7 of the same act provides that "A conveyance of real estate, or of any interest therein,

by a landlord, shall be valid without the attornment of the tenant. But the payment of rent by the tenant to the grantor, at any time before notice of sale given to said tenant, shall be good against the grantee." This latter provision would be without meaning, if the legislature intended to abolish the common law rule above stated.

The counsel for the appellant makes the following propositions:

"In order that this judgment be sustained, one of the two propositions following must be true:

"1st. The agreement to pay rent, and giving notes therefor, is a covenant real running with the land, constituting a preferred debt, which has precedence of all others, under all circumstances, under the law of Indiana; or,

"2d. The fact that a tenant's estate is discovered to be insolvent, by his landlord, after he had supposed it was solvent, and had acted upon that supposition, is such a mistake as will require the court, with its chancery powers, to interpose and relieve the landlord, and thereby give his debt a precedence over all others."

Having answered the first proposition in the affirmative, according to the admission of counsel for the appellant, the judgment of the court below must be affirmed.

The administrator of *Morgan* could not, by selling and assigning the lease, rid himself from the obligation to pay the notes from decedent to *Lewis*, for the rent accruing subsequent to the death of *Morgan*.

In the case of *Van Rensselaer* v. *Platner*, 2 Johnson's Cases, 17, Kent, J., says: "Two questions were raised at the argument in support of the motion:

"1st. That no action lies against the executors for rent accrued subsequent to the death of their testator.

"2d. If it did, that the executors of *Van Rensselaer* have recovered, *quasi* executors, rent accruing since their testator's death.

"With respect to the first question, it appears to me from an examination of the cases, to be a settled rule that cove-

nant will lie on a covenant in a deed against a lessee, notwithstanding a third person be at the time the actual tenant, and the lessor has recognized him as such; and against his executors, notwithstanding he may have assigned in his lifetime, and the rent accrues subsequent to his death. The reason given for the rule is this, that the privity of contract of the testator is not determined by his death, and the executor shall be charged with all his contracts so long as he has *assets.* 3 Mod. 326. In another case, (Cro. Ja. 522,) it is said that in covenants *en fait,* a covenantor and his executors are always chargeable, and that the executors are not chargeable by reason of the privacy of contract, but by reason of the covenant. But though some cases may differ in assigning the reason of the rule, they all concur in the rule itself. There is no instance, however, that I have met with, of a case exactly like the present, where the covenant for rent was upon an estate *in fee.* They are all upon terms for years, and it seems, accordingly, to be severe to apply the rule to the present case; for here the executors, or the personal estate, receive no consideration for the payment of the rent, since, on the death of *Platner,* the estate must have descended to the heirs at law.

"In answer to this objection, I observe, that the responsibility of the executors to pay rent, accruing subsequent to their testator's death, is not placed upon the ground that they have the fund in hand, but upon the ground of the express covenant of their testator, from which no act that he can do will discharge him, or discharge them, so long as they have *assets.*"

So the lessor has his election, either to sue the lessee on his covenant reserving rent, or follow the land in the hands of his assignee.

Thus circumstanced, this court is not prepared to say that the course pursued by *Morgan's* administrator, believing as he did, that the estate was solvent, was not the best for the interest of the estate; at least it was not such an abuse of his trust as would prevent a court of equity from reliev-

ing the parties from the consequences of a mistake as to the solvency of the estate.

It is true that a mistake, purely of law, is no ground of relief in equity, but it may be accompanied by such circumstances as will entitle the party to relief. 1 Story's Eq. Jur. § 134.

We think this case comes within the rule of equity that a mistake of law, accompanied by mutual surprise as to the relative rights growing out of a somewhat complicated transaction, may be the ground for equitable relief, and as the common pleas court, having jurisdiction of the trust, has thought this a case in which the relief ought to be extended, we are not inclined to interfere.

The judgment is affirmed, with costs.

*George C. Clark,* for appellant.

*A. W. Hubbard* and *L. & W. O. Sexton,* for appellees.