## WILLIE F. MOSELEY *vs.* A. W. ALLEN.

Hampden. Sept. 23. — Nov. 5, 1884.   C. ALLEN & COLBURN, JJ., absent.

A. executed a written lease to B. of a parcel of land, to be used as a coal yard, for a term of ten years, rent payable monthly. The lease contained a clause by which A. agreed to pay B. the value of all buildings and scales which he should place and leave on the premises at the end of the term, "provided the said premises shall not be relet to the lessee." After the execution of the lease, B. placed upon the land expensive buildings and scales. After the expiration of the lease, B. continued to occupy the premises for more than two years, paying monthly the same amount as the rent fixed in the lease. *Held*, in an action on the agreement in the lease, that, even if the subsequent occupation by B. amounted to a tenancy at will, the premises were not "relet," within the meaning of that word in the lease.

CONTRACT for breach of an agreement in a lease of certain premises in West Springfield. Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*F. H. Stebbins,* (*E. B. Maynard* with him,) for the defendant.

*E. H. Lathrop,* for the plaintiff.

MORTON, C. J.   The defendant executed a written lease to Smith and Holt of a tract of land, to be used as a coal yard, for the term of ten years from July 1, 1871, the lessees agreeing to pay a certain sum monthly during the term, and for such further time as they might occupy the premises. The lease contained

the following clause: " And the said Allen, and his legal rep-
resentatives, agrees to pay to said Smith and Holt, and their
legal representatives, the value of all buildings and scales which
the said lessees or their legal representatives shall place and
leave on said premises at the end of said term, provided the
said premises shall not be relet to the lessees or their represent-
atives.   The value aforesaid shall be determined by appraisers
to be chosen by the parties."

After the execution of the lease, the lessees placed upon the
land expensive buildings and' scales, which still remain there.
It was admitted at the trial that, before the lease expired,
the plaintiff acquired all the interest and rights of the lessees.
After the expiration of the lease, the plaintiff continued to
occupy the premises until January, 1884, paying monthly the
same amount as the rent fixed in the lease.   The defendant
asked the court to rule that, upon all the evidence, " there was
such a reletting of the premises to the plaintiff at the expiration
of the lease as would excuse the defendant from any of the
terms of the lease calling on him to pay for the property sued
for; and that the plaintiff could not recover."   The court rightly
refused this ruling.   Assuming that, after the lease expired, the
plaintiff occupied under an agreement which created a tenancy at
will, we do not think this was a reletting, within the fair mean-
ing of the clause in the lease which we are considering.

When the lease was made, it was contemplated by the parties
that the lessees should put buildings and scales upon the land
in order to fit it for the use intended, which, at the expiration
of the term, were to be part of the realty, and the property of
the lessor.   The lease therefore provided that the lessor should
pay the value of these buildings and scales at the end of the
term, unless a new lease should then be given to the lessees or
their representatives, in which case the matter of the cost of
such buildings and scales could, and naturally would, be pro-
vided for by such stipulations of the new lease as the parties
might agree upon.   If, at the expiration of the lease, the defend-
ant had agreed that the plaintiff might occupy the premises for
a month, this would create a tenancy at will, and would be a
reletting, using that word in its broadest sense; but it would
hardly be contended that it would' be such a reletting as was in

the minds of the parties to the lease, and which they intended should have the effect of releasing the lessor from his obligation to pay for the buildings and scales.

Construing the terms of the lease in the light of the situation and purposes of the parties, we are of opinion that, by the term " relet," the parties meant a new letting for a fixed and definite term, such as was the term created by the lease. Regarding the evidence at the trial in the light most favorable to the defendant, it shows an agreement at the expiration of the lease which created a tenancy at will, which could have been terminated at any time by the lessor by a month's notice; and we are of opinion that it cannot be regarded as such a reletting as was intended by the parties to the lease in the provision we are considering. No question is made as to the right of the plaintiff to maintain this action in his own name, and therefore we do not consider it. *Exceptions overruled.*