## WILSON v. GERHARDT.

1. Errors in admitting oral testimony to vary a written instrument will not be noticed on appeal, unless the evidence is sent up with the record.

2. A release is not to be implied from the mere fact of assent to the assignment of a lease, and the assignment of a lease does not annul the lessee's obligation on his express covenants to pay rent, even though the lessor has accepted the assignee as his tenant, and collected rent from him.

*Error to County Court of Clear Creek County.*

ON June 12, 1882, at Idaho Springs, Colorado, the plaintiff, Henry Wilson, leased to Charles Gerhardt and A. J. Voight, as Gerhardt & Voight, certain premises there situate, for the term of three years, at the monthly rental of $30 per month, payable in advance, the lease containing the usual covenants for the payment of rent, etc. In September, 1882, Gerhardt withdrew from the business, and assigned his interest in the lease to Voight, which assignment was assented to by the lessor, and Voight continued for some time in possession. Thereafter Voight made default in payment of the rent due October 1; 1882, and November 1, 1882. Plaintiff brought suit against him for the rent for said months, and obtained judgment thereon. Plaintiff then brought this suit against Gerhardt & Voight on their covenants in the lease for the rent due for December and January. Defendant Gerhardt answered for himself, Voight having absconded. The defense relied upon was that by virtue of the assignment by Gerhardt to Voight, and its acceptance by the lessor, Gerhardt, the assignor, was released from all liability thereunder. Judgment was rendered below for the defendant.

Mr. T. B. BRYAN and Mr. Geo. M. DUNN, for plaintiff in error.

Mr. T. J. CANTLON and Mr. J. C. FITNAM, for defendant in error.

ELBERT, J. We cannot notice the alleged error touching the admission of oral testimony affecting the terms of the lease or the assignment, as the evidence is not preserved in the bill of exceptions. It appears, however, that the court below regarded the written assent of the plaintiff to the assignment of the lease by the defendant Gerhardt as discharging him from his liability to pay

rent in accordance with his covenants in the lease, and judgment was rendered for the defendant upon this view of the law. This was error. There is no such intention expressed in the writing, and a release is not to be implied from the mere fact of assent to the assignment. A lessee who assigns his lease does not thereby discharge himself of his obligation under it. He remains liable upon his express covenants to pay rent in an action by the lessor, even if the lessor has accepted the assignee as his tenant, and collected rent from him. Tayl. Landl. & Ten. § 438; Wood, Landl. & Ten. §§ 305, 350; 1 Washb. Real Prop. *326.

The judgment of the court below must be reversed and the cause remanded.

*Reversed.*