ANNA SELMA OSWALD *vs.* JACOB M. FRATENBURGH and others.

December 22, 1886.

**Guaranty of Lease—Liability of Guarantors after Assignment.**—The assignment of a lease by the lessee, with the assent of the lessor, does not affect or impair the liability of the lessee on his covenants to pay the rent, and hence will not release his guarantor from liability for a default in the payment of rent subsequent to such assignment.

**Same—Defendants held Guarantors.**—*Held* that, upon the facts found, the defendants were guarantors for the original lessee.

Plaintiff brought this action in the district court for St. Louis county, to recover arrears of rent from one Fratenburgh, the lessee, and the defendants Wallace Warner and Michael Fink as guarantors. Upon the issues made by the answer of the guarantors the action was tried by *Stearns*, J., (a jury being waived,) who found the following facts: By lease bearing date March 17, 1884, plaintiff demised to

Fratenburgh the premises described in the complaint for the term of one year from May 1, 1884, at the yearly rental of $1,200, which the lessee covenanted to pay monthly in advance. As a condition precedent to delivery of the lease, the plaintiff required the lessee to procure acceptable guarantors for payment of the rent. On April 17, 1884, before the lease had been delivered or given legal effect, Fratenburgh indorsed thereon an assignment to R. H. Fagan and James Magner, and afterwards and on the same day the defendants Warner and Fink made and signed on the back of the lease the following indorsement: "For a valuable consideration we hereby guarantee the payment of the rents under the within lease promptly as the same are required therein," and the lease, thus executed and indorsed, was on the same day mutually delivered and given legal effect by being placed in the hands of one Mendenhall for the benefit of all parties interested.

At the time of such delivery, Fratenburgh was in possession of the premises under a lease expiring April 30, 1884. Plaintiff knew of the assignment to Fagan & Magner, and made no objection to it; but there was no understanding between plaintiff and the guarantors that the latter were not to be liable for a default in the payment of the rent by any person or persons other than Fagan & Magner. [On July 11, 1884, Fagan & Magner assigned the unexpired term of the lease to one Carbis.] The plaintiff has duly performed all the conditions of the lease on her part, but no rents have been paid for the months of December, 1884, and January, February, March, and April, 1885, except $15. The guarantors had notice of such non-payment, and before the commencement of this action payment was demanded of them by plaintiff. The sentence in brackets is the 7th finding of fact mentioned in the opinion.

Upon these findings the court ordered judgment for the plaintiff, a new trial was denied, and the defendants Warner and Fink appealed.

*Edson & Warner,* for appellants.

*Ensign & Cash,* for respondents.

MITCHELL, J. The facts fully appear in the findings of the court. The important question here is, upon the facts found, for whom were

defendants Warner and Fink guarantors? A guaranty is an undertaking to answer for the performance of some contract of another. The contract of guaranty presupposes another and original contract, to which it is collateral. In this case the contract of guaranty was between Warner and Fink, as guarantors, and plaintiff as guarantee. The original contract to which this was collateral was the lease from plaintiff to Fratenburgh. This was the only contract to which the guaranty could be collateral, for Fratenburgh was the only person with whom plaintiff made any contract. She had no contract with Fagan & Magner. They were simply assignees of Fratenburgh. It is true that the lease from plaintiff to Fratenburgh had not been delivered prior to the assignment by him to Fagan & Magner, because of the lack of guarantors; but, when delivered, it was the contract of plaintiff with Fratenburgh, and not with Fagan & Magner. It is also true that Warner and Fink did not make this guaranty until Fratenburgh had indorsed upon the lease that assignment to Fagan & Magner, and it may be true that, but for that assignment, they would not have made this guaranty; but nevertheless, when made, it was as collateral to the lease from plaintiff to Fratenburgh. Consequently Warner and Fink were guarantors for Fratenburgh, and they are liable for his default. The assignment of the lease by Fratenburgh to Fagan & Magner, with or without the consent of the plaintiff, would not release, or at all affect, his liability for the payment of the rent. Of course, as long as Fagan & Magner continued to occupy the premises, they would be liable for the rent by reason of the privity of estate between them and plaintiff; but Fratenburgh would continue liable on his covenants in the lease. Hence the assignment of the lease did not affect the liability of Warner and Fink as guarantors. Taylor, Landl. & Ten. § 371; *Morgan* v. *Smith*, 70 N. Y. 537, 544.

The foregoing, in our judgment, states correctly the legal relations of the parties to each other. But if it be assumed that the contract of lease was between plaintiff, as lessor, and Fagan & Magner, as lessees, although in form assignees of Fratenburgh, and the defendants were guarantors for them, the result would necessarily be the same. The failure to pay the rent would, in this view of the case, be the default of Fagan & Magner, and the defendants liable as their

guarantors. And the same result would follow if it should be assumed that Fagan & Magner were assignees of the lease, and that defendants became guarantors for them as such; for there is no evidence that Fagan & Magner ever terminated their liability for the rent by assigning the lease, or by ceasing to occupy the premises.

The seventh finding of fact seems to be wholly unsupported by evidence. The court was perhaps misled by an indorsement upon the lease, which, however, was never proved nor introduced in evidence. It can hardly be necessary to add that the execution of the lease by plaintiff was sufficient consideration for defendants' guaranty.

Order affirmed.