FRANCIS W. CARPENTER & others vs. POCASSET MANU-
FACTURING COMPANY.

Bristol.    October 28, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Landlord and Tenant*, Construction of covenants, Liability of lessor, Waiver of breach.

A lease gave the lessees a right of renewal for such rental as they might agree
upon with the lessor and continued " or in case of failure so to agree, the said
lessor shall purchase the improvements upon said land at a valuation to be
agreed upon by the parties, or if they cannot so agree, at a valuation to be
ascertained by three disinterested referees; or if the lessor shall prefer not to
purchase said improvements, the lessees shall purchase said land." The lessees
entered and erected a brick building on the land, occupied until the lease expired,
then did not attempt to renew the lease but demanded that the lessor should pur-
chase the improvements, and, on his refusal to do so, sued him on the above cov-
enant. It seemed to be found or assumed, that the lessor had elected not to sell
the land to the lessees. *Held*, that the covenant to purchase the improvements
was not conditional on the plaintiffs wishing to renew the lease, but that the
words "in case of failure so to agree" included the case of a failure to renew
because the plaintiffs would not agree upon any rental at all, and that if the
defendant had elected not to sell the land to the plaintiffs, the plaintiffs could
recover from him the value of the improvements. No question was raised upon
the provision for fixing the price by referees.

However it may be as to benefits, a lessor of land by conveying the land cannot get
rid of the burden of his covenants in the lease.

A lease contained a covenant not to assign or underlet and a proviso authorizing the
lessor for breach of any covenant to enter the premises and thereby determine
the lease. The lessees became incorporated and assigned the lease to the cor-
poration, and thereafter the corporation occupied and paid the rent to the lessor,
who opened an account with it upon his books. *Held*, that these facts warranted
a finding that the lessor waived the breach of the covenant and condition against
assignment, and that he took the chances as to whether the breach was an as-
signment or a sublease.

CONTRACT for the breach of a covenant to purchase improve-
ments, contained in a lease executed by the defendant to the
plaintiffs. Writ dated December 19, 1898.

In the Superior Court damages were assessed by a jury.
Later by agreement of parties the question of liability was tried
before *Braley*, J., who found and ordered judgment for the
plaintiffs in the sum of $6,200. At the request of the defendant
the case was reported for the consideration of this court, with
the agreement of the parties that if the finding for the plaintiffs

was warranted the judgment was to be affirmed. If upon the facts, a finding for the plaintiffs was not warranted, but a finding for the Congdon and Carpenter Company, a company into which the plaintiffs after taking the lease were incorporated and to which they assigned the lease, was warranted, then the writ was to be amended accordingly and judgment entered for the corporation ; otherwise, judgment was to be entered for the defendant. The covenant in question and the other material facts appear in the opinion of the court.

*J. W. Cummings,* (*C. R. Cummings* with him,) for the defendant.

*J. F. Jackson,* for the plaintiffs.

HOLMES, C. J. This is an action on a covenant in a lease executed by the defendant to the plaintiffs. The covenant in question follows a right of renewal given to the plaintiffs for such rental as they may agree upon with the lessor, and reads, "·or in case of a failure so to agree, the said lessor shall purchase the improvements upon said land at a valuation to be agreed upon by the parties, or if they cannot so agree, at a valuation to be ascertained by three disinterested referees . . . or if the lessor shall prefer not to purchase said improvements, the lessees shall purchase said land " etc. The case was tried before a judge without a jury on the question of liability, the damages having been assessed. He found for the plaintiffs and reported the case.

The other. facts necessary to mention are few. The plaintiffs entered under the lease and erected a brick building on the land. Subsequently they became incorporated, and then assigned the lease to their corporation. The lease contained a covenant not to assign or underlet, and a proviso authorizing the lessor, for breach of any covenant, to enter upon the premises and thereby determine the lease. But after the assignment the corporation went into occupation and paid the rent to the defendant's treasurer, and the account was kept with the corporation on the defendant's books. Before this time the defendant had conveyed the land to one Mrs. O'Hearn subject to the agreements of the lease, which it was stipulated that the grantee assumed, and subject to the performance of all such agreements by the grantee. The plaintiffs, however, had no dealings with Mrs. O'Hearn,

but continued to pay rent to the defendant and the defendant turned it over to her. After the defendant's conveyance the resident manager of the plaintiffs and their corporation asked leave of the defendant's treasurer to underlet the lower floor, and got the answer that so far as he was concerned he had no objection. Mrs. O'Hearn also made no objection when she was spoken to. Thereupon the resident manager let that floor for about three months, acting, if it was possible, for the plaintiffs and for their corporation. The plaintiffs' corporation occupied the land undisturbed until the lease expired, but the plaintiffs did not attempt to renew the lease. The judge found, subject to the plaintiffs' exception, that both the defendant and Mrs. O'Hearn waived the covenant against underletting, and that the defendant waived the breach of the covenant against assignment. The evidence on these points is reported. It was not disputed that the finding of the other facts by the judge was warranted by the evidence.

We understand from the finding that the defendant has repudiated all liability under the contract. Its whole argument is directed to that point, and no question is raised upon the provision for fixing the price by referees. See *Hood* v. *Hartshorn*, 100 Mass. 117.

We will consider in the first place the construction of the covenant, and whether the plaintiffs have shown a breach. The defendant argues that the whole undertaking is conditional upon the lessees' wishing to renew the lease, and so it is, if we stick to the letter of words. We must admit that to our mind this is the most serious difficulty that the plaintiffs have to overcome, and that it really is serious. Nevertheless we are of opinion that the covenant is not limited as supposed. When the lease was drawn, evidently it was expected that improvements would be made upon the land, as is shown by the assumption implied by the words " the improvements," coupled with the fact that they were made forthwith. It is not reasonable to suppose that it was intended to give these to the defendant without compensation. A contrary intent is shown in the alternative of a wish to renew, and there is no more reason for it in that case than in the other. Furthermore the supposed condition was no real protection to the landlord, as the plaintiffs could have demanded a

renewal and at the same time have refused to agree to any fair rental. It seems to us more reasonable to read the words "in case of failure so to agree" as by implication embracing the case of failure to renew because the tenants would not agree to pay any rental at all. See, as showing a similar liberality of construction in favor of the tenant, *Moseley* v. *Allen*, 138 Mass. 81.

It is argued that, if this be so, still the defendant was not bound to purchase the improvements unless it preferred, that its ultimate liability could be only for a refusal to sell the land to the plaintiffs, and that no breach of that kind was made out. If the question were open on the report as it stands, it would be hard to answer the argument that the defendant by its conveyance had disabled itself from performing the alternative covenant to sell, and that therefore it must abide by its covenant to buy. It is altogether probable that, as alleged in the declaration, the defendant itself took that position, and that it tried its case on that footing. But the report is not framed with a view to present the question. The defendant could elect in favor of purchasing the improvements and against selling the land if it saw fit. There is nothing to show that it did not, and every indication that it did. The judge found for the plaintiffs. We must assume that this point was established to his satisfaction.

It is suggested that the defendant's covenant ran with the reversion under St. 32 Hen. VIII. c. 34, § 2, and that if that be so the defendant was exonerated by its conveyance to Mrs. O'Hearn. We do not inquire into the premise because we cannot admit the conclusion. The expression in Mr. Dicey's early work on Parties, 236, relied on by the defendant, seems to us too broad, and does not lead us to doubt the correctness of the decision on that point in *Jones* v. *Parker*, 163 Mass. 564, 568. However it may be as to the benefits, (compare Rawle, Covenants for Title, [5th ed.,] § 215,) lessors cannot get rid of the burden of their contracts by conveying their land. In the case of the tenant as in that of the landlord "it cannot be endured that he should afterwards be deprived of his action on the covenant to which he trusted by an act to which he cannot object." *Auriol* v. *Mills*, 4 T. R. 94, 99. The "privity of contract in respect of the estate," as it was called by Shepherd *arguendo* in *Webb* v. *Russell*, 3 T. R. 393, 394, does not put an end to the

" privity of contract, which is created by the contract itself, and subsists forever between the lessor and lessee." Ibid., cited in *Bickford* v. *Parson*, 5 C. B. 920, 929, 930. Sims, Covenants, 91, 92.

It is argued that the judge was not warranted in finding a waiver of the breach of the covenant and condition against assignment, and therefore that the defendant now may repudiate all obligation under the lease although the tenants enjoyed the estate created by it to its natural end and paid full rent no part of which is offered back. If such a thing could be under any circumstances, it is enough to say that the plaintiffs' corporation occupied the premises and paid the rent to the defendant, and that the defendant opened an account with it. The defendant acted with notice that the plaintiffs' corporation was assuming to act as tenant, and thereby waived the breach by which it became one. *Blake* v. *Sanderson*, 1 Gray, 332, 335. It took the chances as to whether the particular form of breach was an assignment or a sublease. It is said that the defendant could not waive the breach because it had conveyed the land. But, as we already have said, the contractual relations between the plaintiffs and defendant remained, and it could waive the excuse that the contract otherwise might have afforded for performance on its part.

The judge finds that the breach was not waived by Mrs. O'Hearn, but, if that finding be accepted in view of the facts subject to which it is made, it is immaterial. The defendant continued to act as landlord, if it did not act as the representative of Mrs. O'Hearn, with her knowledge and assent. Whatever particular color be given to the facts, it is hard to imagine how she could do anything to affect the defendant's liability, and in fact she has not attempted to do anything. She never has attempted to avoid the lease.

*Judgment affirmed.*