# CHARLESTON.

KANAWHA-GAULEY COAL & COKE COMPANY v. SHARP.

Submitted December 16, 1913. Decided January 13, 1914.

1. LANDLORD AND TENANT—*Breach by Lessee—Waiver.*
   If a lessor, with knowledge of a breach by the lessee of the restriction against assignment of the lease, permits the assignee to remain in possession of the premises and accepts subsequently accruing rents from him, the breach is waived. (p. 428).

2. SAME—*Rent—Lessee's Liability After Assignment.*
   Although a lessee assigns the lease with the lessor's assent, he

nevertheless remains liable on his express covenant to pay rent, not-withstanding rent is accepted from the assignee, unless the lessor expressly agrees to release him and substitute the new tenant in his stead. (p. 430).

Error to Circuit Court, Kanawha County.

Action by the Kanawha-Gauley Coal & Coke Company against C. C. Sharp. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*Brown, Jackson & Knight, Linn & Byrne,* and *Angus Mc-Donald,* for plaintiff in error.

*L. D. Vickers,* for defendant in error.

LYNCH, JUDGE:

The Kanawha-Gauley Coal & Coke Company, in January, 1901, leased to C. C. Sharp for coal mining purposes one thousand acres of land in Fayette county, on a stated royalty payable quarterly. The minimum royalty for the first year was fixed at $2000, and for the second year $5000; all of which was paid except $625. To recover this balance, plaintiff brought assumpsit. From a judgment for defendant on the verdict of a jury, plaintiff obtained a writ of error.

But one question is presented for consideration, namely: Shall Sharp, the lessee, be required to respond in damages to the plaintiff's claim for balance due on unpaid royalties? The defendant, while admitting the validity of the debt and that it is due and correct in amount, denies liability on the ground that the lease, though taken in his name, was in fact obtained for a mining corporation not organized but then in contemplation by him, and of which plaintiff was fully advised pending negotiations for the lease, and to which arrangement and purpose it gave assent by a stipulation of the lease; that such corporation was thereafter promptly chartered and organized, and at once began to open, equip and operate the leased premises, and mined and shipped coal therefrom until January 1, 1903, when, with plaintiff's consent, the defendant Sharp and the new corporation assigned and conveyed to the Columbus Iron & Steel Company the lease and mining equipment.

That defendant did cause the organization of the Raven Coal & Coke Company, and that this corporation did proceed to operate the lands under the lease is not only not denied but admitted by plaintiff, at least inferentially if not specifically; for the royalty account kept by plaintiff was charged against the Raven company, and not at any time against Sharp. Plaintiff can not, therefore, with any degree of propriety, deny either the fact of the corporate organization of the Raven company, or of its active conducet and managemet of the mining operations.

Nevertheless, it insists that Sharp is liable, and must respond to its claim, notwithstanding the defense urged by him to the contrary. Its contention is based, in part, on the clause of the lease whereby it was "mutually agreed that the lessee shall not sublet the rights acquired under this lease to third parties without the written authority of the lessor, but the lessee is not hereby prevented from forming a company to work the property under this lease". Plaintiff did not authorize an assignment of the lease by defendant to the Raven Coal & Coke Company. Whether the clause quoted does or does not, apart from the testimony, warrant the construction for which plaintiff contends, it is not necessary to determine; because its principal witness Johnson says the Raven company "was formed under this lease, which specified that he should form or could form it if he chose". The clause, construed in the light of this statement by Johnson, an active director of plaintiff, and of plaintiff's recognition of the Raven company as the active operator under the lease by its charge against that company and receiving from it payments of royalties, clearly indicates acquiescence by plaintiff in Sharp's effort to assign the lease to the Raven company.

So the conclusion is unavoidable that plaintiff knew, or had the means or source of information from which if pursued it would have ascertained, that the Raven Coal & Coke Company had or claimed some right or claim of right from Sharp by assignment or otherwise, under which it had begun and thereafter continued mining operations under the lease, thus in any event indicating a breach by Sharp of the agreement not to assign, if indeed there was a breach under a proper construction of the clause quoted. The authorities

hold that "if the lessor, with notice of a breach of the restriction against assigning, permits the assignee to remain in possession and accepts subequently accruing rents from him, the breach is waived". 24 Cyc. 971; *Randol* v. *Tatum,* 98 Cal. 390; *Porter* v. *Merrill,* 124 Mass. 534; *Carpenter* v. *Manufacturing Co.,* 180 Mass. 130; *Murray* v. *Harway,* 56 N. Y. 337; *Gracewick* v. *Woods,* 36 Misc. 201, 73 N. Y. S. 154; *Adams* v. *Shirk,* 117 Fed. 801; *Field* v. *Copping,* 65 Wash. 359, 36 L. R. A. N. S. 488; *Patterson* v. *Carrel,* 137 N. W. 1091. Even the fact that the lessor had refused to consent to an assignment does not conclusively disprove a consent by subsequent conduct, such as accepting rent of the new tenant: *Colton* v. *Garham,* 72 Ia. 324.

But plaintiff also insists, with more merit in our opinion, that Sharp is still liable to it, even though he assigned the lease to the Raven Coal & Coke Company, whether with or without plaintiff's assent. If the lessee assigns the lease, even with the lessor's assent, the former remains liable on his covenant to pay rent, although rent is accepted from the assignee, unless the lessor expressly agrees to release the lessee and subtitute the new tenant in his stead. *Porter* v. *Jackson,* 17 Johns, (N. Y. 238; *Taylor* v. *DeBus,* 31 Ohio 468; *Pfaff* v. *Golden,* 126 Mass. 402; *Carley* v. *Lewis,* 24 Ind. 23; *Jones* v. *Barnes,* 45 Mo. App. 590; *Wilson* v. *Gerhart,* 9 Col. 585; *Oswald* v. *Fratenburgh,* 36 Minn. 270; *Frank* v. *Maguire,* 42 Pa. 78; *Bonetti* v. *Treat,* 14 L. R. A. (Cal.) 151. The covenant to pay rent, inheres in the estate as a covenant real, and binds the assignee of the term, by reason of his privity of estate, to pay the rent accruing during his ownership and possession of the estate, so that, after an assignment of the lease, the lessor has a *double* and *several* security for the payment of his rent, either or both of which he may pursue until satisfaction is obtained. Therefore, the receipt of rent from the assignee of the lessee does not amount to a novation or release of the lessee, but is tht assertion of a right which accrued to the lessor as an incident to the assignment". *Taylor* v. *DeBus, supra; Carley* v. *Lewis,* 24 Ind. 23; *Whetstone* v. *McCartney, supra.* In the latter case, the court said: "There are two ways in which a lessee may be liable to his lessor; one arises from his express covenant to pay, whereby he is held in *priv-.*

*ity of contract;* the other arises, in the absence of an express covenant to pay rent, on an implied obligation, whereby he is held in *privity of estate.* In the latter case, if he parts with the estate, with consent of lessor, thereby destroying the privity, there is no further obligation to pay rent, since there is nothing upon which to base the obligation. But if he has expressly covenanted to pay, the contract lasts till discharged, and the covenant may be said to run with the land, and this is so even though the lessor has consented to the assignment by the lessee and accepted rent of the assignee. The assignee is likewise liable to the original lessor for the term he occupies, not by reason of a promise, but by reason of the privity of estate. And the lessor may pursue one, or both, at the same time, though he will be entitled to but a single satisfaction.''

The assignment of the lease by Sharp to the Raven Coal & Coke Company, even with the assent of the lessor, did not impair the liability of the original lessee on his covenant to pay rent. The assignment did not annul this express obligation, or constitute an implied release therefrom. While the privity of estate between plaintiff and Sharp was terminated by the transfer, the latter nevertheless remained liable, at the option of the former, for rent thereafter accruing, because of the continuing privity of contract.

Upon the principles stated, the judgment of the circuit court is reversed, the verdict set aside, and a new trial awarded.

*Reversed and Remanded.*