## CAUBLE et al. v. HANSON.   (No. 1131.)

(Court of Civil Appeals of Texas.   El Paso.
Oct. 21, 1920.   Rehearing Denied
Nov. 4, 1920.)

1. **Landlord and tenant ⟨Key⟩181—Liability for rent based on privity of contract or of estate.**

Liability for rent is based on privity of contract or privity of estate; and, where there is an express covenant to pay, the lessee is held in privity of contract, and, in the absence of express covenant, the liability arises on an implied obligation whereby he is held in privity of estate.

2. **Landlord and tenant ⟨Key⟩208(1)—Lessee who has not covenanted to pay rent not liable after parting with estate.**

In the absence of express covenant to pay rent, if the lessee parts with his estate with the consent of the lessor, the privity of estate is thereby destroyed, and the lessee is not further obligated to pay rent, as there is nothing on which to base the implied obligation.

3. **Landlord and tenant ⟨Key⟩208(1) — Lessee who has expressly covenanted to pay rent remains liable after assignment of term.**

Where there is an express covenant to pay rent, the lessee, after assignment of his term, remains liable on his express covenant, the privity of contract being unaffected when the privity of estate is terminated by the assignment, even though such assignment was made with the consent of the lessor, and though the lessor has accepted rental payments from the assignee, such receipt of rent from the assignee not amounting to novation of the contract or release of the lessee.

4. **Landlord and tenant ⟨Key⟩208(1)—Lessee not released from liability on express covenant in absence of novation.**

A lessee is not released from liability on his express covenant to pay rent by an assignment unless there is a novation of the contract whereby the lessor agrees to release him and to the substitution of the assignee as the tenant, institution of an action by the lessor against the assignee for rent not of itself affecting liability of the lessee, for at his election the lessor may sue either lessee, assignee, or both, though he can have but one satisfaction.

5. **Landlord and tenant ⟨Key⟩79(2)—Assignee of leasehold succeeds to lessee's interest and benefit of all covenants.**

The assignee of a leasehold estate succeeds to all the interest of the lessee and to the benefits of all the covenants and agreements of the lessor which are annexed to and run with the estate.

6. **Landlord and tenant ⟨Key⟩79(2) — Covenant to deliver possession ran with land to advantage of lessee's assignee.**

Covenant by a lessor to procure and deliver to the lessee two certain sections of land leased was a covenant which ran with the land, and the lessee's assignee may take advantage of it and is entitled to recover of the lessor damages naturally and proximately resulting from breach.

7. **Landlord and tenant ⟨Key⟩129(4)—Damages for breach of covenant to deliver possession is rental value, but special damages recoverable.**

Ordinarily, the measure of damages for breach of a covenant to deliver possession is the rental value of the property, but the lessee may also recover such special damages as naturally and proximately result from the breach.

8. **Landlord and tenant ⟨Key⟩129(4)—Item for feed proximate result of breach of covenant to deliver grazing lands.**

Item of $500 for feed which lessee's assignee was obliged to purchase because of lessor's failure to deliver two sections of the land *held* an item of damage to be regarded as a natural and proximate result of the lessor's breach of covenant to deliver, the lands having been leased for grazing purposes when a severe drouth prevailed and pasturage was scarce.

9. **Landlord and tenant ⟨Key⟩129(4)—Assignee of lease of grazing lands not entitled to reduction of rent for failure to deliver part of land and also special damages.**

Where grazing lands were leased, and the lessor failed to deliver two sections to the assignee of the lease, such assignee is not entitled to reduction of the rent in the amount of the rental value of the two sections not delivered and also an item as special damages for feed purchased to take the place of the undelivered grazing land.

10. **Landlord and tenant ⟨Key⟩129(4)—Failure of cattle to take on flesh a damage too remote from lessor's failure to deliver part of grazing lands leased.**

The assignee of lease of grazing lands for the lessor's failure to deliver two sections cannot recover special damages through his cattle's failure to take on proper flesh on account of being moved from pasture to pasture on account of the lessor's nondelivery of the sections.

11. **Landlord and tenant ⟨Key⟩208(1)—Liability of original lessee in nature of that of surety for assignee.**

The liability of an original lessee for rent is regarded as being in the nature of that of a surety for the assignee, so that any credit to which the assignee is entitled inures to the benefit of the original lessee.

Error from District Court, Glasscock County; Chas. Gibbs, Judge.

Suit by Will Hanson against G. C. Cauble and others. Judgment for plaintiff, and defendants bring error. Affirmed on condition of remittitur.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Blanks, Collins & Jackson, of San Angelo, for plaintiffs in error.

Morrison & Morrison, of Big Springs, for defendant in error.

## Statement of Case.

HIGGINS, J. Defendant in error, Hanson, sued G. C. Cauble, G. O. Cauble, Jr., and T. J. Clegg, plaintiffs in·error, for $924, alleged balance due on a note given by the plaintiffs in error Cauble as rental for thirteen sections of land in Glasscock county, leased by Hanson to them by written contract entered into between Hanson and the Caubles of date October 1, 1918.

The defendants Cauble filed a general denial and special answer to the effect that, although they had leased the premises for which plaintiff sought to recover rent, shortly after making such lease they had conveyed the same to their codefendant, Clegg, upon the assumption by him of all obligations resting upon them under the lease contract, and that, with knowledge of such assignment, the plaintiff had accepted rents from the said Clegg and had released them from further liability on the contract.

The defendant Clegg filed a general denial, and by way of special answer and cross-action asserted that, although the plaintiff had leased thirteen sections of land, he failed to procure and deliver two of the sections, and because of such failure his pasturage had failed, the range became inadequate to take care of his cattle, and the value of such leased premises depreciated in a far greater amount than that which the plaintiff was seeking to recover, and as a further result of the shortage of pasturage and water he was compelled to and did expend $500 for extra feed, none of which would have been used had the plaintiff delivered the proper acreage with adequate water supply; that he was compelled to shift and move the cattle about from pasture to pasture, by reason of which fact they failed to take on flesh as they should have done, and were thereby damaged in the sum of $1,000.

Upon trial before the court without a jury judgment was rendered for the plaintiff against all defendants for $547.88, with interest from the date of the judgment, and against the defendants on their cross-action, from which judgment all of the defendants appealed.

The court found that the rental value of the two sections of land which Hanson failed to deliver was $450, and gave credit upon the note for that amount.

## Opinion.

On October 7, 1918, the defendants Cauble assigned their leasehold interest to the defendant Clegg, and in part consideration for such assignment Clegg assumed the payment of the note sued upon.

The rendition of the judgment against the defendants Cauble is assigned as error for the reason that the undisputed evidence shows that the Caubles sold and transferred the entire lease contract together with the premises covered thereby to their codefendant, Clegg, who had taken possession thereof with the knowledge and consent of the plaintiff, and that thereafter the plaintiff had accepted and received rental payments from Clegg for such premises knowing that they had been sold, transferred, and assigned to him by the Caubles. The evidence discloses that there was an assignment of the lease by the Caubles to Clegg rather than an underlease or subletting. Railway Co. v. Settegast, 79 Tex. 256, 15 S. W. 228; Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084; Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481.

[1-4] The rules of law governing the disposition of the assigned error seem to be well ·ettled. Liability for rent is based upon privity of contract or privity of estate. Where there is an express covenant to pay, the lessee is held in privity of contract. In the absence of an express covenant to pay, the liability arises upon an implied obligation whereby he is held in privity of estate. In the absence of an express covenant to pay rent, if the lessee parts with his estate, with the consent of the lessor, the privity of estate is thereby destroyed, and the lessee is not further obligated to pay rent, since there is nothing upon which to base the implied obligation. In contrast with such cessation of the lessee's liability upon the implied covenant, the rule, where there is an express covenant to pay rent, is that the lessee after assignment remains liable on his express covenant, as in such case, though the privity of estate is terminated by the assignment, the privity of contract is unaffected. The lessee remains liable to the lessor on his express covenant to pay even though the assignment was made with the consent of the lessor. Nor is this continued liability affected by the fact that the lessor has accepted rental payments from the assignee. The receipt of such rent from the assignee does not amount to a novation of the contract or release of the lessee, but is the assertion of a right which accrued to the lessor as an incident of the assignment. Taylor v. De Bus, 31 Ohio St. 468. The lessee is not released from liability on his express covenant to pay rent by an assignment unless there is a novation of the contract whereby the lessor agrees to release him and to the substitution of the assignee as the tenant. The institution of an action by the lessor against the assignee to recover the rent does not itself affect the lessee's liability to the lessor. At his election the lessor may sue either the lessee or the assignee, or both at the same

time, though he can have but one satisfaction.

In Coal Co. v. Sharp, 73 W. Va. 427, 80 S. E. 781, 52 L. R. A. (N. S.) 968, Ann. Cas. 1916E, 786, the coal company sued its lessee, Sharp, to recover a rental royalty. Sharp had assigned his lease to the Raven Coal & Coke Company. There was an express agreement to pay the rental royalty. The court said:

"But plaintiff also insists, with more merit in our opinion, that Sharp is still liable to it, even though he assigned the lease to the Raven Coal & Coke Company, whether with or without plaintiff's assent. If the lessee assigns the lease, even with the lessor's assent, the former remains liable on his covenant to pay rent, although rent is accepted from the assignee, unless the lessor expressly agrees to release the lessee and substitute the new tenant in his stead. Port v. Jackson, 17 Johns. (N. Y.) 239; Taylor v. De Bus, 31 Ohio St. 468; Pfaff v. Golden, 126 Mass. 402; Carley v. Lewis, 24 Ind. 23; Jones v. Barnes, 45 Mo. App. 590; Wilson v. Gerhard, 9 Colo. 585, 13 Pac. 705; Oswald v. Fratenburgh, 36 Minn. 270, 31 N. W. 173; Frank v. Maguire, 42 Pa. St. 78; Bonetti v. Treat, 91 Cal. 223, 27 Pac. 612, 14 L. R. A. 151. The covenant to pay rent 'inheres in the estate as a covenant real, and binds the assignee of the term, by reason of his privity of estate, to pay the rent accruing during his ownership and possession of the estate, so that, after an assignment of the lease, the lessor has a double and several security for the payment of his rent, either or both of which he may pursue until satisfaction is obtained. Therefore the receipt of rent from the assignee of the lessee does not amount to a novation or release of the lessee, but is that assertion of a right, which accrues to the lessor as an incident to the assignment.' Taylor v. De Bus, supra; Carley v. Lewis, 24 Ind. 23; Whetstone v. McCartney, 32 Mo. App. 430. In the latter case the court said: 'There are two ways in which a lessee may be liable to his lessor; one arises from his express covenant to pay, whereby he is held in privity of contract; the other arises, in the absence of an express covenant to pay rent, on an implied obligation, whereby he is held in privity of estate. In the latter case, if he parts with the estate, with consent of lessor, thereby destroying the privity, there is no further obligation to pay rent, since there is nothing upon which to base the obligation. But if he has expressly covenanted to pay, the contract lasts till discharged, and the covenant may be said to run with the land, and this is so even though the lessor has consented to the assignment by the lessee and accepted rent of the assignee. The assignee is likewise liable to the original lessor for the term he occupies, not by reason of a promise, but by reason of the privity of estate. And the lessor may pursue one, or both, at the same time, though he will be entitled to but a single satisfaction.'

"The assignment of the lease by Sharp to the Raven Coal & Coke Company, even with the assent of the lessor, did not impair the liability of the original lessee on his covenant to pay rent. The assignment did not annul this express obligation, or constitute an implied release therefrom. While the privity of estate between plaintiff and Sharp was terminated by the transfer, the latter nevertheless remained liable, at the option of the former, for rent thereafter accruing, because of the continuing privity of contract."

See, also, 16 R. C. L. title Landlord and Tenant, §§ 344–347, 352, and 676; Taylor, Landlord & Tenant (9th Ed.) §§ 371, 372, and 517; 24 Cyc. 1177, 1178; Notes in 52 L. R. A. (N. S.) 969, and Ann. Cas. 1916E, 789.

It is not contended by the plaintiffs in error that Hanson agreed to relieve the Caubles from their covenant to pay the rent stipulated in the lease contract or to relieve them of liability upon the note which they had given to cover the rental, nor is there any finding to that effect by the trial court, but the assignment proceeds upon the theory that, as a matter of law, the Caubles were relieved of liability upon the note by the assignment of the lease, of which the lessor became later advised and to which he assented, his subsequent acceptance of payments upon the note made by Clegg, and his action in seeking to hold both the lessee and the assignee liable for the payment of the rent.

In view of the rules of law announced above and which seem to be supported by numerous authorities collated in the references above given, the contention of the plaintiffs in error cannot be sustained, and the assignment is overruled.

As indicated in the preliminary statement, the defendant Clegg set up a cross-action arising out of the failure of Hanson to deliver two of the leased sections, alleging that by reason of Hanson's failure to deliver the two sections the pasturage failed and the range became inadequate to take care of his cattle, and the value of the leased premises depreciated in a far greater amount than that which the plaintiff was seeking to recover, and, as a further result of the shortage of pasturage and water, he was compelled to and did expend $500 in the purchase of feed to care for the cattle, and was compelled to shift and move the same from pasture to pasture, by reason of which they failed to take on flesh as they should have done, and he was thereby damaged in the further sum of $1,000.

[5-7] The trial court held that the two items of $500 and $1,000 were too remote to be recovered as damages. The assignee of a leasehold estate succeeds to all the interest of the lessee and to the benefit of all the covenants and agreements of the lessor which are annexed to and run with the estate. 16 R. C. L. p. 848; 2 Taylor, L. & T. (9th Ed.) § 445. The covenant of the lessor, Hanson, to procure and deliver to the lessee these two sections of land was a covenant which ran with the land, and the assignee, Clegg,

may take advantage of the same, and is entitled to recover of the lessor the damages which naturally and proximately resulted from its breach. Ordinarily the measure of damage for breach of a covenant to deliver possession is the rental value of the property, and this is the measure of damage applied by the lower court in this case, but it is well settled that the lessee may also recover such special damages, if any, as naturally and proximately resulted from the breach.

[8, 9] The item of $500 for feed which Clegg was obliged to purchase because of Hanson's failure to deliver these two sections was an item of damage which, under the circumstances of this case, should be regarded as a natural and proximate result of the breach of the covenant to deliver. This is true, for it is shown that the lands were leased for grazing purposes, that a severe drouth prevailed in that country at the time, and that pasturage was exceedingly scarce. It must reasonably have been contemplated by the lessor, Hanson, that the lessee, or his assignee, intended to fully stock the thirteen sections, and that, if Hanson failed to deliver the two sections, the lessee, or his assignee, would be under the necessity of purchasing food or other pasturage to properly care for the cattle. This being true, this item of damage is not to be regarded as too remote. But we are of the opinion that to permit the lessee to obtain a reduction in the contract price in the amount of the rental value of the two sections and to also allow him in full the item of $500 for feed purchased would be improper. The item of feed purchased simply took the place of the grass food which would have been provided by the two sections. If a lessor should lease two buildings and fail to deliver one of them, and the lessee was obliged to rent another building, obviously it would be improper to allow the lessee a proportionate reduction of the rent for the building not delivered, and in addition thereto the entire rental price paid for the other building.

In Buck v. Morrow, 2 Tex. Civ. App. 361, 21 S. W. 398, the lessee brought an action against his lessor for breach of covenant for quiet enjoyment of land used as a pasture. The lease provided that the lessor should pay all loss in case of sale of the land during the term. The court held that the plaintiff might prove as special damages the extra expense of hands and loss of cattle resulting from a temporary holding of the cattle on the commons pending a diligent effort to procure another pasture, but that evidence of expense for other pasturage was not competent, as that item of loss was included in the general damages measured by the market value of the residue of the term and the contract price. The principle involved is the same in the case at bar, and the contention of the plaintiffs in error that they are entitled to a reduction of the rent in the amount of the rental value of the two sections, and also $500 as special damages for the feed purchased, cannot be sustained.

The court made no finding as to the amount of money expended by Clegg for feed stuff, but he testified that he was obliged to purchase at least $500 worth, which it would not have been necessary to buy had the two sections been delivered. The most that Clegg could thus claim on that account would be $500. The court allowed a reduction of $450 as the rental value of the two sections. A remittitur, therefore, of $50 by the plaintiffs in error would correct any possible error in this particular. The feed purchased in cost exceeded by $50 the rental value of the two sections, and this item of $50 is a special damage which is properly recoverable.

[10] As to the item of $1,000 damage claimed by Clegg upon the ground that the shortage in the acreage compelled him to shift and move his cattle from pasture to pasture, by reason of which fact they failed to take on proper flesh, the trial court correctly held that this alleged item of damage was too remote, speculative, and uncertain to authorize its recovery.

[11] The liability of the original lessees, Cauble and Cauble, is regarded as being in the nature of a surety for their assignee, Clegg. See cases cited in note 52 L. R. A. (N. S.) 973. Therefore any credit to which the assignee is entitled would inure to the benefit of the original lessees.

The judgment of the lower court is affirmed upon condition that the defendant in error, within 20 days, file a remittitur of $50, as of the date of the judgment in the court below. If such remittitur be not filed, the judgment will be reversed, and the cause remanded for retrial.