Wilde J.
delivered the opinion of the Court. We entertain no doubt, notwithstanding the dictum in Walker's case, 3 Co. Rep. 22, that this action is well maintained. The only point of defence now made was recently decided by this Court in an action between the same parties, and we have heard nothing since to change the opinion we then formed. The action is founded on a privity of estate between the parties. *130 The defendant took the term subject to all the advantages and disadvantages attached to it by the terms of the lease. The covenant for the payment of rent ran with the land and by the assignment of the term became binding on the defendant. So by the assignment of the reversion the plaintiffs became entitled to all the rights of the lessor. It is said in note 6, 1 Wms’s Saund. 241, that at common law an action of debt lay for the assignee of the reversion, for the recovery of rent, which is incident to the reversion. And if this W'ere not so at common law, it is clearly so by the statute of 32 Hen. 8, c. 34, which seems to have been overlooked in Walker’s case. The law there laid down on the point in question, is not supported by the subsequent authorities, and cannot be sustained on principle or any reasonable construction of the statute. Walker’s case, though decided right as to the question on which the case turned, has since been questioned as to other points not now under consideration, and which therefore it is not necessary now to discuss. Vide Hammond on Parties to Actions, 116 to 133.
According to the agreement of the parties, the defendant is to be defaulted.