Bowne *v.* Johnson.

JOHN BOWNE *v.* FOSTER JOHNSON.

A plaintiff, against whom judgment of nonsuit has been rendered in a justice's court, on his failure to appear and prosecute his suit on the day of trial, cannot appeal the case to the Circuit Court; such judgment not being a *final* judgment within the meaning of the statute.   S. L. 1841, p. 107, § 94.

CASE certified from Kalamazoo Circuit Court.

The plaintiff brought this suit originally before a justice of the peace, and failing to appear on the day of trial, judgment of nonsuit and for costs was rendered against

him; whereupon, he afterwards appealed the case to the Kalamazoo Circuit Court. The defendant moved the latter Court to quash the appeal, on the ground that the case was not within the statute authorizing an appeal to be taken. The Presiding Judge reserved the question arising upon the motion for the opinion of this Court thereon.

*Charles E. Stuart,* for the plaintiff.

*E. Belcher,* for the defendant.

FELCH, J. delivered the opinion of the Court.

The right of appeal in this case is not claimed under any other clause of the statute, (S. L. 1841, p. 107, § 94,) except that providing for appeals from *any final judgment* of a justice of the peace.

Was the judgment in this case a *final* judgment within the meaning of the statute?

A judgment of nonsuit is a final disposition of the suit in which it is entered, but it does not ordinarily bar a subsequent suit for the same cause of action; it is not a final disposition of the subject matter in litigation. In examining the books, it will be found that the term *final judgment* is sometimes used to signify a final disposition of the particular suit, and sometimes a final determination of all litigation on the subject matter thereof.

The judgment in this case, however, was simply on the failure of the plaintiff to appear and prosecute his suit. The legal effect of such failure on his part, was an abandonment of his suit, which operated as a discontinuance of the action by the voluntary act of the party. The justice was authorized to enter the discontinuance of the suit, and thereupon to render judgment against him for costs; and whether the entry of nonsuit be technically correct or not, the Court will look at the nature of the proceedings, and give to the transaction its legal effect. *The People* v.

Bowne *v.* Johnson.

*Schoharie Common Pleas,* 2 Wend. R. 260; *Relyea* v. *Ransay,* ib. 602; *The People* v. *Whaley,* 6 Cow. R. 661; *Sprague et al.* v. *Shed,* 9 John. R. 140; *Hubbard* v. *Spencer,* 15 John. R. 244.

We cannot think that a judgment thus entered on the voluntary abandonment of his suit by a plaintiff before a justice, is such a final judgment as is contemplated by the statute. The remedy by appeal is given to the party " conceiving himself injured, or aggrieved by such judgment." But how can he be injured or aggrieved, who voluntarily discontinues his suit, and, of his own accord, subjects himself to the legal consequence—a judgment against him for costs?

A question under similar law was decided in the Supreme Court of the United States, in *Evans* v. *Phillips,* 4 Wheat. R. 73. The judiciary act of 1789, provides for a review, on error, of " final judgments and decrees," in the Circuit Courts. The Supreme Court dismissed the writ of error, on the ground that the plaintiff had submitted to a nonsuit in the Court below, in which case no writ of error would lie.

It is the opinion of the Court, that the motion to quash the appeal, should be granted by the Circuit Court.

*Certified accordingly.*