## GEORGE F. PATTEN *vs.* DANIEL DESHON.

The assignee of all a lessee's "interest in and to the lease" may recover rent, subsequentvy accruing, of one to whom such lessee has previously leased a portion of the demised premises for the whole of the term, and who occupies such portion accordingly, in an action of contract, without setting forth in his declaration the assignment from the original lessee to the plaintiff. And the defendant in such action is estopped to deny the estate of the original lessor in the premises.

ACTION OF CONTRACT to recover the rent of certain rooms in a store on Long Wharf in Boston, from August 15th 1850 to February 15th 1852. Writ dated March 10th 1852. The opinion exhibits the whole case.

*A. A. Ranney & N. Morse,* for the defendant.

*A. H. Fiske,* for the plaintiff.

SHAW, C. J. This case comes before us in a somewhat unsatisfactory manner, and seems to show what is likely to arise, under the act abolishing special pleading, and more especially under the new practice act, in pursuance of the provisions of which this action is brought.

The plaintiff seeks to recover rent of part of a store, and declares as the assignee, under these circumstances, which appear from the declaration and the leases annexed thereto, and the indorsements on the leases: On the 1st of May 1848, Sarah Hayward demised to Wildes P. Walker a warehouse on Long Wharf, for the term of eight years from the 15th of said May, at $1,400 per annum, with usual covenants, one of which was that the lessee should not assign nor underlet; and on the same day, Walker let a part of the same warehouse, described by metes and bounds, for the whole of said term, at $600 per annum, to the defendant Deshon, who has since continued to occupy the

same. On the original lease is an indorsement made by the lessee Walker to the plaintiff Patten, under seal, assigning to Patten all his "right, title and interest in and to the within lease;" and on the lease from Walker to Deshon of part of the premises, is an assignment by Walker to the bearer of all his right, title and interest in and to that lease, with authority to receive the rent; and this lease, with the assignment indorsed thereon, is produced by the plaintiff, as the bearer.

This case comes before us, on the declaration and general demurrer. Had the foregoing facts all been distinctly averred in the declaration, the case would have appeared to be a very simple one. Without alluding to the original lease from Hayward to Walker at all, here was a lease from Walker to Deshon, with rent reserved to the lessor, with usual covenants, an actual entry upon and possession of the premises, by the lessee, and an assignment of that specific lease to the plaintiff. The plaintiff would have had no occasion to set forth the lease from Hayward to Walker, by which Walker became tenant for years, and therefore had an interest and a right to let; because it would not have been competent for Deshon to deny that Walker had an interest to pass by his lease; in other words, he could not plead, against the claim of his lessor or the assignee of the lessor, *nil habuit in tenementis.*

We think it very clear, that debt lies for rent by the assignee of the lessor, at common law, in virtue of the privity of estate, independent of *St.* 32 H. 8, *c.* 34. In England, the great struggle has been, to decide when an action of covenant lies, by or against an assignee. In covenant, the cause of action is transitory, and not local, and will only lie where there is privity of contract, and of course may be brought in any county. But when the duty of paying rent arises out of the privity of estate, without privity of contract, the cause of action is local, and the action must be brought in the county where the land lies. If there be both privity of estate and privity of contract, the plaintiff has his election. The *St.* of 32 H. 8, *c.* 34, was intended to extend the right to sue in covenant to actions by and against assignees. *Thursby* v. *Plant,* 1 Saund. 240. Mr. Williams, in

his note to this case, says: " The action of debt lay for the assignee of the reversion, at common law; for the rent being incident to the reversion, and the lessee being in possession of the land, and in the perception of the profits, the law therefore created such a privity of estate between them as would support this action for the rent."

But now, in this commonwealth, the distinction between the forms of action is abolished, and if there be any right on the part of an assignee to recover rent, after it has become due and payable, debt will lie for it.

The doctrine, that debt lies, has been recently recognized in this court, and also that the *St.* of H. 8 is in force here. *Howland* v. *Coffin,* 12 Pick. 125. The point seems well settled on authority. Bac. Ab. Leases I. 3. A lessee for years may assign or grant over his whole interest; so he may grant it for a less number of years than he himself holds it; and such derivative lessee is compellable to pay rent, perform covenants, &c., according to the terms agreed in such grant or assignment.

The assignment by the lessor, of the lessee's covenant to pay rent in future, in consideration of the enjoyment of the premises, is not the assignment of a chose in action; it is the assignment of a right to rent to grow due, and a covenant to pay it runs with the land out of which it is reserved. Such an assignee therefore is legally entitled to the rent in his own right, and may sue for it in his own name. *Demarest* v. *Willard,* 8 Cow. 206.

Then the question is, whether the declaration, as it stands, is sufficient to entitle the plaintiff to sue for the rent, in his own name, he not having set out specially the assignment to himself of the lease of Walker to Deshon, including Deshon's covenant to pay rent to Walker and his assignees.

The new practice act of 1851, c. 233, § 2, requires the plaintiff to declare in " an action of contract," and that this shall include what were formerly known as actions of covenant and debt. It requires a declaration to be made in the shortest possible form, and to contain one count only, on any one cause of action. It provides that all written instruments, except policies of insurance, shall be declared on, by setting out or annex-

ing a copy thereof, or such part thereof as is relied on, with proper averments to describe the cause of action.[*]   Such instru- ment shall be part of the record, as if oyer had been granted on a deed declared on; but no profert need be inserted, nor any excuse therefor.   Whether, by the annexation of these two leases, with the respective assignments indorsed thereon, with- out an allegation of the fact of such assignment, they are so brought before the court, that the court can judicially take notice of them, may admit of a question.   With our old common law impressions of what must be averred in a declaration, we should not be prepared to say that it does.   But without deciding that point, having no precedent or practice on the subject, we are of opinion that the declaration is sufficient, as it stands; and that the plaintiff, as assignee of the original lease of Hayward to Walker, was such an assignee of the rent, accruing under the sub-lease to Deshon, that he could legally maintain this action. It is averred in the declaration, and admitted by the demurrer, that after Walker, the original lessee, had made the lease to Deshon, he, by his deed indorsed on said indenture of lease from Hayward to him, assigned unto the plaintiff all his right, title and interest in and to the said lease.

It would be too narrow a construction to hold that this was only an assignment of the instrument or document; it means all the right, title and interest, which he holds, or has title to hold, under the instrument.   It clearly embraced the transfer of all right to the use and enjoyment, for the residue of the term, of all that part of the leased premises, which had not been un- derlet to Deshon.   Had the sub-lease to Deshon been surrend- ered, or forfeited by non-payment of rent, the assignment would have passed to the assignee the right to use and enjoy that part of the premises let to Deshon, for the residue of the term.   It was therefore a substantial interest intended to be assigned. But further; it was in virtue of that lease and the term of years

---

[*] By *St.* 1852, *c.* 312, § 2, "one count only *need* be inserted for each cause of action;" and "all written instruments, except policies of insurance, shall be declared on, by setting out a copy thereof, or of such part as is relied on, *or the legal effect thereof*, with proper averments," &c.

acquired by it, that he had been enabled to make a sub-lease to Deshon, and thus entitled himself to the annual rent, to come from Deshon.

And it is to be considered, that Patten, the plaintiff, by force of that assignment of Walker to him, for the whole term, had become assignee of the lessee, and as such liable to the action of the original lessor, for the entire rent. In order to enable him to meet that obligation, equity required that he should have the entire benefit of the term, including not only the use and occupation of the part not underlet, but also the rent accruing from sub-lessees, of all such parts of the premises as were held by them; and therefore it must have been the intention of the parties, in the assignment, that the assignee should take upon himself the burden of paying the whole rent, and be entitled to the benefit of the whole of the leased premises; and that Walker, the original lessee and assignor, being relieved from the payment of any rent to the original lessor, could have no right to receive rent of a sub-lessee.

That the assignee of a lease becomes privy in estate with the original lessor, and bound by the covenants of the original lessee, so that an action will lie against him by the original lessor, is a rule perfectly well established. Com. Dig. Covenant, C. 3. *Palmer* v. *Edwards*, 1 Doug. 187, *note. Taylor* v. *Needham*, 2 Taunt. 279. So, covenant lies against the assignee of part of the land demised, and the damages shall be apportioned, on the ground that the assignee is chargeable, by reason of privity of estate. *Stevenson* v. *Lambard*, 2 East, 575. But to render one liable in covenant as assignee, he must take an assignment of the whole or a part of the premises for the whole term. *Holford* v. *Hatch*, 1 Doug. 183. This, however, is one of the cases, in which the exception proves the rule. The assignee, being liable only in privity of estate, is liable only for breaches accruing whilst he holds the estate as assignee; not for breaches, which occurred before he became assignee; *St. Saviour's* v. *Smith*, 3 Bur. 1271; nor after he has transferred his whole interest by assignment. *Eaton* v. *Jaques*, 2 Doug. 461, *& note.* Even though the assignee of the assignee be a woman and a prisoner in the fleet, or a

28 *

beggar or a pauper. *Lekeux* v. *Nash*, 2 Stra. 1221. *Pitcher* v
*Tovey*, 1 Salk. 81. *Taylor* v. *Shum*, 1 Bos. & Pul. 21. The same
principles have been decided in this commonwealth. *Daniels* v.
*Richardson*, 22 Pick. 565. *Howland* v. *Coffin*, 9 Pick. 52, and
12 Pick. 126. *Torrey* v. *Wallis*, 3 Cush. 442.

We have thought it necessary to establish this point, because
it tends to illustrate the true relation of lessor, lessee, and
their respective assignees, and the rights growing out of their
relations.   A lease for years is assignable; if transferred in
whole or in part, for a part of the term, it is a sub-lease, and not
an assignment; the rent is payable by the sub-lessee to the
mesne lessor, and the original lessor has no right of action
against the sub-lessee; of course the original lessee remains
liable to his lessor for the whole rent, and entitled to all rents
accruing from sub-lessees.   If the whole or part of the leased
premises be transferred by the original lessee for the residue of
the term, this is an assignment, and the assignee becomes liable
for the whole or a proportionable part of the rent, to the origi-
nal lessor, at his election.   The first lessee, notwithstanding the
assignment, remains liable for the rent, in virtue of his express
covenants, if the lessor elects so to hold him, in which case he
will be entitled to the rent from the assignees.   But if the origi-
nal lessor assents to the assignment and agrees to accept the
assignee as his tenant — and proof of receiving rent from the
assignee will be deemed evidence of such assent — he has no
longer any right of action against the original lessee.   So, if
the lessor, out of whose estate the lease is made, from which
the rent is to accrue, transfer all his right, both to the rent and
the estate which is to yield it, his assignee becomes legally enti-
tled to the rent, and may have an action therefor.   These rules
are not founded on arbitrary or technical grounds, but recog-
nize and carry out a great principle, that a term or lease-
hold is a valuable and beneficial right carved out of a larger
estate, by the owner or other person having the disposing power,
to have the use, occupation and enjoyment of lands or houses;
that the person, out of whose estate this right is carved, shall
receive an annual compensation therefor, which is regarded as

yielded by and out of the estate itself; that he who receives this entire benefit, shall pay the annual sum which is the consideration for it; and he, who would otherwise have had the use of the estate itself, but for the lease, shall have the annua compensation, which is a substitute for it. Justice therefore seems to be reached by a rule, the result of which is, with some necessary exceptions, and as far as it can be practically carried out, that he who enjoys this accruing beneficial and valuable interest, shall pay the regularly accruing rent, whether lessee or assignee; and that he, by the appropriation of whose estate it was created, or the party to whom he sees fit to transfer it, shall receive the compensation, whether lessor, or his assignee.

To apply these rules to this case: By the assignment of Walker to Patten of all his rights under the lease, Patten became liable to pay the whole rent to Mrs. Hayward. Whether he did or not, is not stated; but if he did, as he was bound to do, Walker ceased to be liable for any part of the rent. To enable Patten to pay the whole rent, he would naturally be entitled to the whole profits of the leasehold estate; if Walker ceased to be liable to pay any rent, *prima facie* there is no reason why he should receive any of the accruing profits. No injustice is done to the defendant; he is called upon to pay no more then he agreed to pay, and was bound to pay for the property actually enjoyed. There is no intimation, that he has been called upon to pay by Walker. If we are right in stating the law, Walker would be estopped, by his assignment, to claim it. If the defendant is not liable to the plaintiff, he is liable to Walker. Perhaps, if he could establish the point, that he is liable to Walker and not to the plaintiff, and the result were that Walker should sue, the defendant might set off a debt due from Walker to him. Were this his view, it would be an attempt to obtain satisfaction of a debt, due from Walker, out of the rents and profits of property, not Walker's, but with which Walker had parted, and out of funds, not equitably or legally those of Walker.

The court are therefore of opinion, that this action may be maintained by the present plaintiff, as assignee of the original lease,

without regard to the assignment to him of the lease made by Walker to Deshon; and therefore there is no occasion to send the case back for any amendment of the declaration, or other alteration of the record. *Demurrer overruled.*