## W. R. ASCARETE v. HENRY PFAFF.

### Decided January 27, 1904.

**1.—Assignment of Lease—Description—Parol Testimony.**

An assignment of a lease containing no sufficient description of the instrument, but calling for it to be attached to the assignment, should have been admitted in evidence when the subject matter was made certain by parol evidence identifying the lease which was intended to be but was not in fact attached.

**2.—Lease—Wife's Separate Property—Joinder—Ratification.**

A lease by the husband of the wife's separate real property for a term exceeding one year, without the joinder of the wife, is null and void; but the wife may ratify such lease by the husband by joining in and acknowledging an assignment of it.

**3.—Same—Assignment—Rent—Lessee.**

When a lessee, with the consent of the landlord, assigns the lease for the term, the assignee becomes charged with the rent and the original lessee is no longer liable therefor unless otherwise specifically agreed.

**4.—Same—Tenant—Landlord—Assignment—Consent.**

A tenant can not assign a lease or sublet premises without the consent of the landlord (Rev. Stats, art. 3250); but when such consent is given, either in the written lease or afterwards, the original lessee is relieved from further liability.

Appeal from the County Court of El Paso. Tried below before Hon. Jos. U. Sweeney.

*E. Engleking,* for appellant.

*Seymour Thurmond,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sought to recover of appellee the sum of $600 alleged to be due on a rental contract between J. D. Ochoa and appellee whereby the latter had agreed to pay the sum of $100 a month for certain premises in the city of El Paso. The case was tried by the court and judgment was rendered for appellee.

J. D. Ochoa had rented the premises, which were the separate property of his wife, to appellee for eight years from July, 1902, at the rate of $100 a month, payable each month in advance, and he paid the rent up to February 1, 1903. On January 23, 1903, a lease was assigned by a written instrument for a valuable consideration by Ochoa and wife to appellant. By the terms of the transfer of the lease it was to be annexed to the lease which is in no other manner identified, but it was not so annexed. However, Ochoa testified that the transfer was of the lease made by him to appellee. Appellant sued for the rent for six months from February 1, 1903. The court admitted the transfer of the lease in evidence but afterwards, at the instance of appellee, struck it out because it did not identify the lease to which it referred. The court also refused to consider the lease from J. D. Ochoa to appellee because the property was the separate estate of his wife and she had not joined him in the lease contract.

While the assignment of the lease was indefinite in not describing the lease and in not being annexed to it, still, when Ochoa testified as to the lease that was intended he made certain the lease that was assigned by the writing. "For the purpose of identifying the subject matter to which the written contract relates, parol testimony of that which was in the minds of the parties, and to which their testimony was directed at the time, may be given." Kirk v. Brazos County, 73 Texas, 56.

In the case of Dority v. Dority, 96 Texas, 215, 71 S. W. Rep., 950, it was held by the Supreme Court of Texas that a lease of the wife's separate real property for a term exceeding one year by the husband, without the joinder of the wife in the lease, is invalid, the same formalities being required in a lease of that character as are essential in the sale of her separate estate. Mrs. Ochoa did not join in the lease to appellee, and it was therefore null and void unless the act of the husband was ratified by the wife by her joinder in the transfer. The assignment of the lease was in writing and was signed and duly acknowledged by Ochoa and wife. By the terms of the transfer the lease was not only referred to but it was intended that it should be annexed and form a part of the assignment. It appears that the wife had a full knowledge of the facts and when she signed and acknowledged the assignment with the lease contract annexed, it was to all intents and purposes a signing and acknowledging of the lease contract itself.

Under the terms of the lease contract authority to assign the lease, or sublet the premises, was given the lessee, and the rule is that when a lessee, with the consent of the landlord, assigns the lease for the term the assignee becomes charged with the rent and the original lessee is no longer liable for the rent unless it be specially agreed otherwise. Loustaunau v. Lambert, 1 Texas Civ. App., 434; Giddings v. Felker, 70 Texas, 176; Le Gierse v. Green, 61 Texas, 128; Howland v. Coffin, 29 Mass., 125; Patten v. Deshon, 67 Mass., 325.

The rule is thus stated in the Massachusetts case last cited. "If the whole or part of the leased premises be transferred by the original lessee for the residue of the term, this is an assignment, and the assignee becomes liable for the whole or a proportionable part of the rent, to the original lessor, at his election. The first assignee, notwithstanding the assignment, remains liable for the rent, in virtue of his express covenants, if the lessor elects so to hold him, in which case he will be entitled to the rent from the assignees. But if the original lessor assents to the assignment and agrees to accept the assignee as his tenant—and proof of receiving rent from the assignee will be deemed evidence of such —he has no longer any right of action against the original lessee."

Under the law of this State (art. 3250, Sayles' Stats.) a tenant can not assign a lease or sublet the premises without the consent of the landlord is given; but when such consent is given, whether in the written lease or afterwards, the rule as to the release of the original lessee, when he assigns, from further liability is the same announced in the Massachusetts decision.

The clause in the lease permitting an assignment of it was in effect granting the power to the original lessee to substitute another person in the lease who would assume all responsibility for the rent and the original lessee would be released from further liability. It is true that an insolvent person might be substituted to whom the landlord would never have leased the premises, but if he is willing to grant the authority of substitution to his tenant he or those to whom he may assign must bear the consequences.

Appellee has absolved himself from liability under the lease by an assignment of it under the authority given him by the instrument, and on this ground alone the judgment will be sustained. Had there been no assignment by him he would be liable for the rent for the time the premises had been used whether the lease for the eight years had been valid or not. The judgment is affirmed.

*Affirmed.*