BARREDA v. CAVAZOS et al.  (No. 7239.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1924.)

1. Deeds ⟨key⟩140—Provision held to except specially two tracts from conveyance.

Provision held to except specially from conveyance two tracts totaling 687 acres.

2. Evidence ⟨key⟩460(5)—Parol evidence held properly admitted to remove ambiguity in provision specially excepting certain land from conveyance.

Parol evidence as to what parties intended held properly admitted to remove ambiguity in provision of deed specially excepting certain land from conveyance.

3. Deeds ⟨key⟩118—Language and other circumstances held to warrant finding that parties did not intend to include certain tract.

Language and other circumstances held to warrant finding that parties to conveyance did not intend to include certain tract.

Error from District Court, Cameron County; W. B. Hopkins, Judge.

Action by C. P. Barreda against Sabas Cavazos and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Seabury, George & Taylor, of Brownsville, for plaintiff in error.

Canales, Davenport & West, of Brownsville, for defendants in error.

FLY, C. J. This is an action of trespass to try title to 60 acres of land, a part of partition share No. 1 of the Espiritu Santo Grant in Cameron county, instituted by plaintiff in error, herein identified as plaintiff, against Sabas Cavazos and Ezequiel Cavazos, herein called defendants. The latter pleaded not guilty, and 3, 5, and 10 years' limitations. The cause was tried without a jury, and judgment rendered that plaintiff take nothing by his suit, and pay all costs of suit.

Plaintiff asserted title to the 60-acre tract of land under a deed, dated June 23, 1905, executed by Pragedis Cavazos and the two defendants to him, in which the land conveyed thereby is described as:

"All that certain tract, piece, or parcel of land, situated in 'said county of Cameron and state of Texas, containing five thousand five hundred and ninety-five (5,595) acres of land, out of and forming, to the extent of the metes, bounds, and quantity thereof a certain segregated part of that certain larger tract or grant of land, in said county of Cameron, state of Texas, commonly, generally, and especially known as, called, and being the 'Espiritu Santo' Grant, originally granted by the Spanish government in America to J. S. de la Garza, and subsequently confirmed to his heirs and assigns, by an act of the Legislature of the state of Texas, etc."

The land was further described as consisting of three certain tracts containing respectively, 1,496, 2,992, and 1,107 acres of land, which in the aggregate contain 5,595 acres of land. Each of the three tracts is described by metes and bounds in the deed, which descriptions are clarified as follows:

"The intention of the grantors herein is to convey all their right, title, and interest in and to the above-described tract or tracts of land. But it is expressly understood that the land hereby conveyed, and intended to be conveyed, shall include no part of that certain tract of land situated in said partition share No. 1 of said Espiritu Santo Grant, known as and called La Sierrita and also Potrero de Don Sabas Cavazos, containing six hundred and twenty-seven (627) acres and being private survey

No. 411, made by J. J. Cocke, surveyor of Cameron county, Texas, January 23, 1884, and recorded in Book A, pages 22 and 23, of, the private surveys of Cameron county, to which said survey, 'map, and record special reference is hereby made, and the same is in all things made part hereof for better description of said land, and the same is, in all things, hereby excepted from this conveyance."

The controversy between the parties arises over the construction to be placed upon the language reserving and excepting certain lands from the conveyance.

It is the contention of plaintiff that the only land excepted from the conveyance is included in the description of 627 acres, which he claims is described, not only as being a part of the Espiritu Santo tract, known as La Sierrita, but also known as Potrero de Don Sabas Cavazos, and that it was not intended to except from the deed any acreage but 627 acres. On the other hand, defendants contend that two tracts were excepted and reserved from the sale to plaintiff, one being a 60-acre tract, described as La Sierrita, and the other containing 627 acres of land, known as Potrero de Don Sabas Cavazos tract, the reservation amounting to 687 acres of land. The land intended to be conveyed is described as consisting of three tracts, each with its metes and bounds clearly set out, and the whole number of acres conveyed were the number of acres in the three tracts which amounted to 5,595 acres. That it was undoubtedly intended to convey that number of acres and no more appears from the fact that the land was sold by the acre at the rate of $4 per acre, and the calculation of the gross amount of the purchase money is obtained by multiplying the 5,595 acres of land by $4, which produces $22,380, the full consideration named in the deed. It is recited in the deed that the consideration is to be paid, $5,000 in cash, and two notes for the sum of $8,690 each, in the aggregate $17,380. Evidently the 60 acres of land did not enter into the computation of the purchase money. The clause in the deed herein copied did not attempt to reduce the acreage for which plaintiff was to pay at the rate of $4; it left every acre for which plaintiff was to pay, but out of abundant caution an effort was made to show that the 60 acres and the 627 acres were not included in the 5,595 acres conveyed. As recited, the intention of the grantors was to convey the 5,595 acres described in the deed, but did not include those certain tracts known as the La Sierrita and Potrero de Don Sabas Cavazos tracts. Plaintiff does not claim any shortage in the 5,595 acres, the only land for which he paid. Defendants remained in possession of the 60 acres sued for, after the execution of the deed.

[1  2] We think the language of the deed reasonably admits of the construction that two tracts were excluded specially from the conveyance, but there may be some confusion and doubt as to what was intended to be excluded, and evidence of the parties as to what was intended was properly admitted to remove any ambiguities.

"The meaning that the parties attached to the language employed, especially in matters of description, may be shown by parol evidence relating to the situation and condition of the subject-matter, for the deed should be given a favorable construction, and one as near the meaning and intention of the parties as the rules of law will allow." Devlin on Real Estate, section 1015a; Cravens v. White, 73 Tex. 577, 11 S. W. 543, 15 Am. St. Rep. 803.

[3] Not only the parol testimony of defendants but the language of the deed and other circumstances combine to show that two tracts were specially withheld from the conveyance, and that it was not the intention of the parties to include the land in controversy in the deed. Plaintiff has received every acre conveyed to him and for which he paid. It was quite a while after the execution of the deed before plaintiff asserted any claim to the La Sierrita tract, although defendants had remained in possession of it. The court was justified in finding that the intention of the grantors at the time they signed and executed the deed and of the grantee when he accepted the deed was to except the land in controversy as well as the other tract from the conveyance. We adopt the findings of fact of the trial judge in their entirety.

The assignments of error are without merit, and the judgment is affirmed.