## KING v. GRUBBS et al. (No. 1738.)

(Court of Civil Appeals of Texas. El Paso.
June 11, 1925. Rehearing Denied
Oct. 5, 1925.)

1. Landlord and tenant ⬳208(1)—Lessee not released from liability on express covenant by assignment and acceptance of rent from assignee.

A lessee is not released from liability on express covenant to pay rent by acquiescence of lessor in assignment of lease and acceptance of rent from assignee.

2. Landlord and tenant ⬳208(1)—Question of lessee's implied release from covenant to pay rent not raised, where lessor expressly refused such release.

In action for rent on an express covenant, no issue of fact as to whether original lessee was impliedly released from his express covenant by lessor's consent to assignment can arise, where lessor expressly wrote that no one would be released thereby.

3. Landlord and tenant ⬳185—Tenant not released from express covenant to pay rent by not accepting possession.

A tenant is not released from liability upon his express covenant to pay rent by failure on his part to accept possession of leased premises.

4. Landlord and tenant ⬳209—Lessee's liability for rent under express covenant not affected by permission to sublet.

A lessee's liability to pay rent under an express covenant is not affected by permission of lessee to sublet a portion of premises in consideration of additional payment.

5. Bankruptcy ⬳363—Liability of lessee for rent on express covenant after assignment not released by lessor's proving claim in bankruptcy of assignee and collecting part.

Liability of lessee for rent on express covenant after assignment is not released by les-

sor's proving his claim in assignee's bankruptcy and collecting some rent from trustee, since he had a legal claim against assignee on his implied obligation to pay rent by reason of privity of estate, and since liability of original lessee being in the nature of a surety of assignee, it was lessor's duty to protect him by asserting his claim against bankrupt assignee.

**6. Landlord and tenant** ⬭=208(1)—**Acceptance by lessor of rent from tenants, after surrender of the premises by assignee of lessee, held not to release lessee from express covenant to pay rent.**

Acceptance by lessor of rent from casual tenants, after surrender of premises by assignee of lessee, does not release lessee on his express covenant to pay rent, it being the duty of lessor to protect lessee as much as possible, nor does it show an implied agreement to release lessee and substitute liability of the assignee.

**7. Landlord and tenant** ⬭=208(1)—**Letter, expressly refusing to release lessee, negatives prior oral agreements for release.**

In action for rent on express covenant, a letter consenting to an assignment of lease, but expressly refusing to release original lessee, negatives any intention through prior conversations to release lessee.

**8. Landlord and tenant** ⬭=231(6) — **Evidence held not to show express agreement to release one of original lessees.**

In action for rent against two lessees on an express covenant, evidence of one of lessees, who had sold out to the other, *held* not to show an express agreement to release him, where lessor in a letter refused such release, and in a conversation demanded additional security for release which was not given.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Harry Tom King against Carl C. Grubbs and another. From a judgment in favor of defendants, plaintiff appeals. Reversed and rendered.

Kirby, King & Overshiner and H. N. Hickman, all of Abilene, for appellant.

Ben L. Cox, R. W. Haynie, and Thos. E. Hayden, Jr., all of Abilene, for appellees.

HIGGINS, J. On October 4, 1920, the appellant leased to the appellees, Carl C. Grubbs and J. A. Sims, partners under the name of Grubbs-Sims Company, a house and lot in Abilene for the term of three years from December 1, 1920. The contract was signed by the lessor and lessees and provided for a gross rental of $4,500 payable in monthly installments of $125 each.

The contract expressly forbid an assignment or subletting without the written consent of the lessor. For a breach of any of the covenants of the lessees, the lessor was authorized to resume possession and relet the premises for the remainder of the term at the best rent obtainable, for account of the lessees, "who shall make good any deficiency."

This action was brought on December 18, 1923, by the lessor against the lessees to recover a balance alleged to be due upon the rent. The only assignments, which need be considered, are those which question the sufficiency of the evidence to support the verdict and judgment.

Prior to the beginning of the term, Sims disposed of his interest in the partnership to Grubbs, the latter assuming all liabilities. Grubbs desired to sublet a portion of the premises to Swift & Co., and also to incorporate the business of the company, and took the matter up with appellant. By letter, dated November 16, 1920, appellant wrote the company a letter which reads:

"Referring to our contract for the lease to you of my property now occupied by Swift & Co. in the city of Abilene, and being lots nine and ten, block sixty-one, and the building located thereon. Under our contract you have no right to sublet. As stated to one of you the other day the burden on the building where two concerns occupy is much greater than where one does so. As an accommodation to you you are hereby authorized to sublet any portion of the building you see fit to Swift & Co. for a period not to exceed ninety days beginning December 1, 1920, this without any increase in rent on your part. Should you desire to sublet any part of the building to Swift & Co. longer than ninety days we will have to make separate arrangement for additional compensation.

"This will be your authority in the premises in line with the provisions of our formal contract.

"It will be perfectly satisfactory for you to organize a corporation and to let this corporation so organize that takes over your personal business keep the premises under the terms of your lease with Grubbs-Sims Company, the corporation assuming the rental contract. I do not however release any one from liability as it now stands."

The proposed corporation was organized as the Grubbs Produce Company. It entered into possession of the premises and remained in possession until its bankruptcy, which occurred some time previous to the expiration of the term. Swift & Co. was permitted by the corporation to occupy a portion of the premises beyond the 90-day period mentioned in appellant's letter in consideration of which the corporation paid an additional rental of $25 per month. This was done under an oral agreement with the appellant made subsequent to the above letter. Swift & Co. shortly after the bankruptcy of the corporation vacated the premises. Rentals owing by them subsequent to the bankruptcy were paid to appellant. The present action is not to recover any additional rentals on account of the Swift & Co. subtenancy, but is

---

⬭=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for a balance due upon the contract price stipulated in the lease of October 4, 1920.

The case was submitted upon the following issue:

"At any time prior to December the 1st, 1920, did the 'plaintiff agree to accept the Grubbs Produce Company as lessee for the building in controversy and release the lessees Carl C. Grubbs and J. A. Sims?"

This was answered in the affirmative, and judgment rendered in favor of the lessees.

[1, 2] The appellees were bound upon an express covenant to pay the rent stipulated in the lease. In such a case, it is settled by the decision of the Commission of Appeals in Cauble v. Hanson, 249 S. W. 175, that the mere acquiescence, of the lessor in an assignment of the lease and acceptance from the assignee of the rents accruing under the lease, does not as matter of law release the original lessee from liability, though the opinion intimates that such conduct on the part of the lessor raises an issue of fact, which it is for the jury or court to decide, as the case may be. The case mentioned overrules Ascarete v. Pfaff, 34 Tex. Civ. App. 375, 78 S. W. 974, cited by appellees. But no such issue of fact can arise by implication in this case, because appellants consent to such assignment and assumption by the assignee of the rental contract is evidenced by the letter heretofore set forth, and this letter forbids such an implication by its concluding sentence.

[3, 4] Nor is there any other evidence that raises an issue of fact as to an implied agreement to release appellees from their liability upon the covenant to pay the rent and accept in lieu thereof the obligation of the Grubbs Produce Company. We attach no importance to the fact that the original lessees never entered into possession. It requires no argument to show that a tenant is not released from liability upon his express covenant to pay rent by mere failure upon his part to accept possession of the leased premises. Nor is the question here at issue affected by the fact that appellant gave appellees permission to sublet a portion of the premises to Swift & Co. in consideration of the payment of an additional $25 per month.

[5] Appellant proved up a claim in bankruptcy against the Grubbs Produce Company for past due monthly rent installments; collected some rent from the trustee in bankruptcy while he was in possession. The trustee later surrendered possession to appellant who accepted same and thereafter collected some rents from temporary lessees of the building. Appellees contend that these facts also release them from liability, but this is untenable. The liability of the original lessees, after the assignment, was in the mature of surety for the assignee. The original lessees and the assignee were both liable to the lessor for the payment of the rent, though he could have but one satisfaction of the debt. See opinion of the Court of Civil Appeals in Cauble v. Hanson, 224 S. W. 922. The liability of the assignee to the lessor for the rent is upon an implied obligation by reason of the privity of estate. Kanawha-Gauley Coal Co. v. Shart, 73 W. Va. 427, 80 S. E. 781, 52 L. R. A. (N. S.) 968, Ann. Cas. 1916E, 786; Whetstone v. McCartney, 32 Mo. App. 430; Taylor v. De Bus, 31 Ohio St. 468; Carley v. Lewis, 24 Ind. 23.

The proof of his claim against the bankrupt estate by appellant as a debt due him was but the assertion of a legal claim which he had against the bankrupt. The liability of appellees had become in the nature of suretyship, and it became appellant's duty to protect them as much as possible by the assertion of his claim against the bankrupt estate, the principal obligor.

[6] The resumption of possession by appellant, and collection of rents from casual tenants during the remainder of the term, does not affect the matter. This, too, was a duty the lessor owed the lessees. These were all acts done by the lessor under an obligation resting upon him to protect the lessees as much as possible, and do not deprive him of his rights under the lease contract. For the reasons stated, no implied agreement is shown by the lessor to release the lessees upon their express covenant to pay the rent and substitute the liability of the assignee.

[7] So far as an express agreement to that effect is concerned, Grubbs does not testify to any agreement except a conversation he had with appellant prior to the letter quoted, and he admitted the letter confirmed the conversation. The letter speaks for itself and negatives any intention to release the original lessees.

[8] Sims testified he told appellant he had sold out to Grubbs who would want the building, whereupon appellant said he had written a letter to Grubbs covering the matter which was all that was said at that time. He later saw the letter of November 16th, and with that letter before him, he telephoned appellant saying he wanted a release and construed the letter as releasing him, whereupon appellant told him the letter spoke for itself, and he would not release either of the lessees, unless he got additional security to take the place of the one released. There is nothing to show that additional security was given. Sims' testimony, as we read it, altogether fails to show an express agreement to release him.

This case has been fully developed. A peremptory instruction should have been given by the trial court. After allowing credit for all rentals paid by Swift & Co., the trustee in bankruptcy and casual tenants, there remains a balance due upon the rent of $1,350.

Sims brought a cross-action against Grubbs setting up the sale of his interest and assump-

tion by Grubbs of all liabilities of the partnership. Grubbs made no answer to the same and testified to such purchase and assumption.

The judgment of the lower court will be reversed, and here rendered in favor of appellant for $1,350, with interest from December 1, 1923, and in favor of Sims against Grubbs as prayed for in the cross-action.

Reversed and rendered.