## MAPLES et al. v. HASTINGS.

### No. 4636.

Court of Civil Appeals of Texas. Amarillo.

Sept. 28, 1936.

Rehearing Denied Nov. 2, 1936.

Meade F. Griffin and Lucian Morehead, both of Plainview, for appellants.

Chas. H. Dean, of Plainview, and Dennis Zimmermann, of Tulia, for appellee.

JACKSON, Justice.

C. G. Maples and L. P. White instituted this suit in the district court of Castro county, to recover $630, with interest and attorney's fees thereon, alleged to be due them by Joe Hastings on a lease contract covering a certain store building situated in the town of Dimmitt, in Castro county, Tex.

After his demurrer, special exceptions and general denial, the defendant pleaded that he never rented the premises from the plaintiffs; that if he was ever liable on the lease contract sued on, such liability had ceased because he had assigned such contract to A. M. Brownlee, who assumed the performance thereof, and such assignment was accepted by the plaintiffs by their course of dealing with Brownlee; that if defendant was not absolutely released by such assignment and acceptance, he occupied the position of surety only; that A. M. Brownlee, after occupying the premises for many months, had quit his business, left the premises and abandoned his assignment contract thereto, and the plaintiffs had instituted certain distress proceedings against the said Brownlee by which the fixtures and stock of goods left on the premises by and belonging to such assignee were distrained, and in a settlement of such distress suit the plaintiffs released said fixtures and stock of goods from their landlord's lien and the contract lien for much less than the value of such fixtures and stock of goods, and thereby relieved the defendant of all liability as surety, if any existed against him.

The record shows that the Texas Plains Realty Company, a corporation, owned certain lots in the town of Dimmitt on which, under a contract with Joe Hastings, it erected a store building, and by written lease let such building to him for a period of five years beginning January 1, 1929, for a consideration of $4,500, payable monthly in advance at the rate of $75.

The lease contract, after naming the Texas Plains Realty Company as lessor and Joe Hastings as lessee, stating the consideration and describing the premises, among other things provides:

"That said lessee shall not assign this agreement * * * without the consent of said lessor in writing. * * *

"That in case of default in any of the aforesaid covenants, said lessor may enforce performance thereof in any of the modes provided by law, and may declare this lease forfeited at its discretion; and said lessor, its agent or attorney, shall have the right, without further notice or demand, to reenter said premises and to remove all persons therefrom without being guilty of any manner of trespass and without prejudice to any remedy for arrears of rent or breach of covenant; or said lessor, its agent or attorney, may resume possession of the premises and relet the same for the remainder of the term of this lease at the best rent obtainable for the account of said lessee herein, who shall at that time make good any deficiency; and

said lessor shall have a lien upon all the goods, wares, chattels, implements, fixtures, furniture, tools and other personal property which are or may be put upon the demised premises; provided, however, that this provision shall not be construed to in any wise impair the landlord's lien given to secure lessor by law.

"It is understood and agreed that in the event it becomes necessary for said lessor to enter suit for any of the sums owing it and growing out of this contract, or in the event it becomes necessary for it to file a claim on same in any court, an attorney's fee of ten per centum shall be added to the amount due and owing."

The defendant took possession of the building in January, 1929, and operated a mercantile business therein for some months; the exact time is not fixed by the testimony. The lots and improvements were acquired by plaintiffs and the lease contract duly assigned to them by the Texas Plains Realty Company in April, 1929, to become effective as of September 1, 1929. During his occupancy Mr. Hastings sold his stock and fixtures and assigned the lease contract to A. M. Brownlee, who took possession of the building and conducted a mercantile business therein. Mr. Brownlee, on February 19, 1931, executed a chattel mortgage to the Walker Smith Company of Brownwood, Tex., covering the fixtures in the store to secure certain indebtedness he was due to said company. The assignee continued to occupy the building and pay rents acceptable to plaintiffs until July 1, 1932. Thereafter he failed to pay in money, but sold one of the plaintiffs some groceries which was credited on the rent, and on December 12, 1932, he quit his business, left the country, and abandoned the lease.

Plaintiff Maples promptly saw and asked the defendant in effect what he was going to do about protecting the lease contract he had assigned to Brownlee. The defendant replied, "I don't know. I will see you in a few days." In two or three days the parties had another conversation, and the defendant told Maples, "I am not going to do anything," and you may do as you please. Mr. Maples replied in substance that he would do the best he could with it and look to Hastings for the rest.

On December 13, 1932, the plaintiffs filed their distress proceedings, distrained the fixtures and the remainder of the stock of goods, and the record indicates that in a settlement of a controversy with the Walker Smith Company plaintiffs received in the suit the sum of $235.65 which, with the groceries theretofore accepted, satisfied the rents to January 31, 1933; that for the balance of the unexpired rental period of the lease the plaintiffs rented the building for the best sum obtainable, and after deducting the rents so received from the contract price of the unexpired term, the plaintiffs claimed a balance of $630, with interest and attorney's fees.

At the close of the testimony, in response to peremptory instruction by the court, the jury returned a verdict in favor of the defendant, and the plaintiffs have appealed.

Appellee retained no lien in his assignment of his lease contract of the premises to Mr. Brownlee and claims none, either legal or equitable, on any of the fixtures or stock of goods left on the premises. It is undisputed that he assigned the lease without the consent of his lessors.

There is no testimony that appellants, or their predecessor, had expressly released the appellee from the obligations imposed upon him in the lease contract. If appellee should be held to be a surety (a question we do not decide), whether the acts and conduct of appellants were an implied release from his obligations on the rental contract was a fact issue.

"The questions of waiver of the stipulation against assignment without the consent of the lessor, and of the release of the surety by conduct, are questions of fact, and should go to the jury upon another trial." Gaddy v. Rich (Tex.Civ.App.) 59 S.W.(2d) 921, 923.

Under this record, the appellee had not been released as a matter of law, and therefore a directed verdict in his behalf was not justified. Kirby et al. v. Tips, et al. (Tex.Civ.App.) 67 S.W.(2d) 661 (writ refused); Tenison v. Knapp (Tex. Civ.App.) 64 S.W.(2d) 1071 (writ refused); King v. Grubbs (Tex.Civ.App.) 275 S.W. 855 (writ dismissed).

Appellee objected to the consideration of appellants' brief, but we deem it sufficient to present the error of the court in directing a verdict.

The judgment is reversed, and the cause remanded.